[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15300
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00059-RV-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN LEMONT HEPBURN,
a.k.a. Anthony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 3, 2019)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Damian Hepburn appeals his 188-month sentence imposed after he pled guilty to

one count of conspiracy to distribute and possess with intent to distribute hydromorphone

and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846, and two counts of distribution of hydromorphone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, he contends that the district court clearly erred in applying a two-level enhancement, under U.S.S.G. § 2D1.1(b)(12), for maintaining premises for the purpose of manufacturing or distributing controlled substances.

Where the district court determines that a defendant maintained a property for the manufacture or distribution of drugs, we review that determination as a finding of fact under the clear error standard. *See United States v. George*, 872 F.3d 1197, 1205–06 (11th Cir. 2017). We will not reverse such a finding unless we are left with the "definite and firm conviction that a mistaken has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005).

As relevant here, § 2D1.1(b)(12) of the Guidelines adds a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance," including storage of a controlled substance for the purposes of distribution. U.S.S.G. § 2D1.1(b)(12). The application note to § 2D1.1(b)(12) provides that the court should consider "whether the defendant held a possessory interest in (e.g., owned or rented) the premises" and "the extent to which the defendant controlled access to, or activities at, the premises." § 2D1.1, cmt. (n.17). The application note further states that

> [m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was

2

used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

*Id.*

Here, the district court did not clearly err by applying the two-level enhancement. The evidence showed that Mr. Hepburn had a possessory interest in the hotel rooms and controlled who came to his hotel room and what activities went on there. Further, the evidence raised a reasonable inference that he frequently used the premises for drug distribution. He frequently traveled to Destin, Florida, specifically to sell drugs, notified his clients when he was in town, invited them to his hotel room, and, on two occasions, sold drugs to law enforcement in controlled buys in his hotel room.

Further, investigators observed people entering and exiting Mr. Hepburn's hotel room "in a manner indicative of drug trafficking" while conducting surveillance. And a confidential informant stated that people seeking to purchase drugs from Mr. Hepburn did so in his hotel room. Indeed, one of the controlled buys was interrupted by an individual arriving to purchase pills from Mr. Hepburn. There was also testimony that Mr. Hepburn did not leave his hotel room to conduct drug transactions.

Based on the totality of the evidence, we conclude that the district court did not clearly err in determining that one of the primary uses of Mr. Hepburn's hotel room was drug distribution. Accordingly, we affirm.

**AFFIRMED**.

3